EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ROSA PÉREZ, acusado y apelante.

Núm. 5951.—*Sometido:* Mayo 21, 1936. *Resuelto:* Julio 31, 1936.

*Leopoldo Tormes García,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

Juan Rosa Pérez fué denunciado como autor de una infracción a la sección 21 de la Ley de Bebidas, cometida como sigue:

"Que en 4 de abril de 1935, y en el barrio Pellejas de Adjuntas, del Distrito Judicial Municipal de Adjuntas, que forma parte del Distrito Judicial de Ponce, P. R., el referido acusado, voluntaria, maliciosa e ilegalmente tenía en su poder y a disposición en su establecimiento, un envase de madera (pipa) conteniendo como tres cuartos de galón de ron, que es una bebida alcohólica tributable, sin que dicho envase tuviera fija una etiqueta en la que se expresara el contenido alcohólico por volumen de dicha bebida. El establecimiento a que se refiere esta denuncia es una tienda."

Llamada la causa para juicio, el acusado alegó que la denuncia no le imputaba la comisión de ningún delito público. Declaró la corte sin lugar la excepción y practicada la prueba, lo condenó como autor de una infracción a la sección 21 de la Ley de Bebidas núm. 1 de 1934 (pág. 155), en relación con la sección 67 de la misma, a pagar diez dollars de multa y en defecto de pago a sufrir un día de cárcel por cada dólar que deje de satisfacer.

Apeló de la sentencia el acusado. No incluyó en la transcripción la prueba. Sostiene que siendo, de acuerdo con los términos en que está redactada la denuncia, un mero traficante y no un fabricante, destilador o rectificador, no se le imputó delito alguno y cae por su base la sentencia condenatoria que contra él se dictara.

La ley dice:

"Toda botella u otro envase conteniendo bebidas alcohólicas o productos medicinales, de cualquier clase o naturaleza que fueren, manufacturados en Puerto Rico o importados o traídos a Puerto Rico, llevarán fija una etiqueta en la cual se haga constar específica y distintamente el contenido alcohólico por volumen de dichas preparaciones. Las preparaciones producidas o fabricadas en Puerto Rico serán rotuladas antes de sacarse de la fábrica, almacén o depósito y a las que se importaren o trajeren a Puerto Rico se les pondrá la etiqueta antes de sacarse de la aduana, *express*, o del poder de los dueños o agentes de los barcos en que se trajeren a Puerto Rico." Sec. 21 de la Ley núm. 1 de 1934, Leyes de 1934, p. 155.

La primera parte de la ley demuestra que la intención de la legislatura fué que toda botella u otro envase conteniendo bebidas alcohólicas, etc., fabricadas en Puerto Rico o traídas a esta isla llevará una etiqueta, y la inferencia es lógica, aun en esta parte, que tal deber recaía solamente sobre los fabricantes o importadores. La última parte de la ley aclara que la intención de la legislatura fué que las etiquetas fuesen fijadas por tales fabricantes o importadores en el momento oportuno o cuando esas personas tomaban posesión de los productos.

No existe universalidad en la ley haciéndola extensiva a toda persona que adquiere o manipula los productos ni indicación alguna de que aquello que era un deber de los fabricantes o importadores debía ser realizado por otras personas.

El apelante era un comerciante y no caía dentro de la sanción de la ley.

*Debe revocarse la sentencia y absolverse al acusado.*

Los Jueces Asociados Señores Córdova Dávila y Wolf no intervinieron.

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO

No estoy conforme con la opinión de la mayoría ni con la sentencia dictada. La ley transcrita en dicha opinión contiene dos partes. Por la primera ordena la fijación de la etiqueta. Por la segunda señala el momento en que deben rotularse las botellas y envases.

La denuncia imputa al acusado el tener en su poder maliciosa e ilegalmente y a disposición de su establecimiento mercantil un envase—pipa de madera—conteniendo ron—bebida alcohólica tributable—sin etiqueta que expresara el contenido alcohólico por volumen de la bebida.

No hay duda, pues, de que se estaba infringiendo la ley, pero el apelante sostiene que él no es responsable de la infracción, porque debiendo, de acuerdo con la segunda parte de la misma, rotularse la bebida antes de sacarse de la fábrica, almacén o depósito, si es que había sido fabricada en Puerto Rico, o antes de sacarse de la aduana, *express,* o del poder de los dueños o agentes de los barcos en que se trajeren, si es que había sido importada a la isla, no tenía él, mero traficante, la obligación de rotular el envase.

A mi juicio no tiene razón el apelante. El mandato es continuo. No puede disponerse de la bebida alcohólica envasada sin que el envase esté rotulado como ordena la ley. La segunda parte de la sección 21 es lógica. Tiende a normalizar la fijación del rótulo en el momento apropiado. Traza el origen de la fabricación o importación. Cuando la regla no se sigue y el hecho es que el envase sin etiqueta se encuentra en poder de un traficante como sucede en este caso, entonces en relación con la sección 21 rige la 67 de la propia ley que dice:

"Sección 67.—Las bebidas alcohólicas que hubieren sido ilegalmente importadas o introducidas, o que hubieren sido ilegalmente fabricadas o destiladas en Puerto Rico, serán consideradas como productos fabricados, producidos o introducidos en Puerto Rico de acuerdo con los términos de esta Ley, y como tales quedarán sujetas a los requisitos establecidos por la misma." Sec. 67 de la Ley núm. 1 de 1934, Leyes de 1934, p. 173.

El traficante en tal caso es responsable. No hay que indagar más. Al comerciar con el artículo no rotulado, asume la responsabilidad consiguiente.

Creo que debe declararse el recurso sin lugar y confirmarse la sentencia apelada.